UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DUKE, HOLZMAN, PHOTIADIS & GRESENS LLP
f/k/a DUKE, HOLZMAN, YAEGER & PHOTIADIS LLP
As Assignee of James H. Williams,

                          Plaintiffs,              08-CV-0437

              v.                                   **DECISION**
                                                   **and ORDER**
JAMES A. COSENTINO,

                          Defendant.
_____

### INTRODUCTION

By motion dated June 20, 2008, defendant James A. Cosentino
("defendant" and/or "Cosentino"), moves to dismiss the Complaint[1]
pursuant to Rule 12(b)(2) and 12(b)(4) of the Federal Rules of Civil
Procedure on grounds that: (1) this Court lacks personal jurisdiction
over the defendant and (2) the Summons and Complaint were not
properly served on defendant.[2] Alternatively, defendant moves to
transfer this matter to the Southern District of Florida pursuant to
28 U.S.C. §§1391(a) and 1404(a) on the basis that venue is improper
in the Western District of New York. Plaintiff Duke, Holzman,
Photiadis & Gresens LLP ("plaintiff" and/or "DHPG") opposes
defendant's motion arguing that personal jurisdiction exists and
requests that the case not be transferred to the Southern District of

---

[1]For purposes of this Motion to Dismiss, defendant refers to plaintiff's Summary Judgment Motion in Lieu
of Complaint, which was the initial pleading filed in Supreme Court under CPLR 3213, as the "Complaint."

[2]Defendant was personally served at his Florida residence located at 16146 Bristol Point Drive, Delray
Beach. Accordingly, the issue of service under Rule 12(b)(4) is moot as it relates to the present motion to dismiss.

Florida. For the reasons set forth below, Cosentino's motion to dismiss or to transfer is denied.

## BACKGROUND

Plaintiff is a New York limited liability partnership and citizen. While defendant resides in Florida, he is also a well-established businessman in Western New York. According to the plaintiff, Cosentino is the Chief Executive Officer ("CEO") and upon information and belief, principal stockholder of Krispy Kreme Donut in Cheektowaga, New York. The debts underlying two separate personal guarantees at issue in this action concern funds loaned to two Western New York restaurants principally owned and operated by defendant, namely The Pier, Inc. and Family Restaurants of Broadway, Inc. These underlying debts matured without payment in full by defendant. The debt due on the guarantees exceeds $560,000.

On May 12, 2008, plaintiff commenced an action in the Supreme Court of the State of New York, Erie County (the "State Court"), by filing a motion for summary judgment in lieu of complaint pursuant to CPLR §3213. Thereafter, on June 13, 2008, defendant removed this action from the State Court to this Court by filing a Notice of Removal filed pursuant to 28 U.S.C. §§1441 and 1446 as well as the Federal Rules of Civil Procedure 81(c).

## DISCUSSION

### I.   Jurisdiction

Defendant moves to dismiss the complaint on grounds that this

Court has no jurisdiction over him. Defendant claims that while he resided and operated restaurant entities in New York for many years, personally and through wholly-owned companies, he is now a permanent resident of Florida. In addition, defendant argues that the New York businesses that serves as primary obligors on the loan guarantees subject to this lawsuit no longer conduct business operations. See Cosentino Affidavit, ¶15. Plaintiff contends that defendant is subject to personal jurisdiction in New York pursuant to the New York "long arm" statute. Where no federal statute governing personal jurisdiction is applicable, the long arm statute of the State in which the District Court sits is applicable. Ins. Corp. of Ireland v. Compagnie Des Bauxites, 456 U.S. 694 (1982).

Defendant claims to be an out-of-state resident and as such "[p]ersonal jurisdiction of a federal court over a non-resident defendant is governed by the law of the state in which the court sits-subject, of course, to certain constitutional limitations of due process." See Kronish v. United States, 150 F.3d 112, 130 (2d Cir.1998) (citing Robinson v. Overseas Military Sales Corp., 21 F.3d 502, 510 (2d Cir.1994)); see also Best Van Lines, Inc. v. Walker, 490 F.3d 239, 242 (2d Cir. 2007).

On defendant's motion to dismiss for lack of personal jurisdiction, plaintiff has the burden of proving that the court has jurisdiction over defendant. See Thomas v. Ashcroft, 470 F.3d 491, 495 (2d Cir.2006) ("In order to survive a motion to dismiss for lack of personal jurisdiction, a plaintiff must make a prima facie showing

that jurisdiction exists"); <u>Metro. Life Ins. Co. v. Robertson-Ceco Corp.</u>, 84 F.3d 560, 566 (2d Cir. 1996). Where, as in this case, discovery has not been conducted, plaintiff meets this burden by making a prima facie showing of jurisdiction, and courts should interpret plaintiff's complaint and supporting affidavits in a light most favorable to plaintiff. <u>See PDK Labs, Inc. v. Friedlander</u>, 103 F.3d 1105, 1108 (2d Cir. 1997).

### A.  New York's Long-Arm Statute

Pursuant to New York's long-arm statute, "a court may exercise personal jurisdiction over any non-domiciliary," who "transacts any business within the state." <u>See</u> C.P.L.R. 302(a)(1); <u>see also Diversified Financial Systems, Inc. v. Bertrum</u>, 1999 WL 714081, *3 (S.D.N.Y.1999); <u>Dimensional Media Assocs., Inc. v. Optical Prods. Dev. Corp.</u>, 42 F.Supp.2d 312, 317 (S.D.N.Y.1999). The guarantee of the debt of a New York corporation by a non-domiciliary, in like circumstances, has been held by this court to provide New York courts with jurisdiction over the non-domiciliary and subject the non-domiciliary guarantor to personal jurisdiction within the state. <u>See Rielly Co., Inc. v. Lisa B. Inc.</u>, 181 A.D.2d 269, 271 (3d Dept. 1992) ("[T]he fact that [a] guarantee was to be performed here [New York] [i]s sufficient to satisfy long-arm jurisdiction.")

Here, plaintiff alleges and defendant does not deny[3] that

---

[3]Defendant contends that "factual issues may exists regarding the nature and extent of his present contacts and activity in New York which necessitate further discovery after Defendant is afforded a fair opportunity to respond to such allegations[.]" <u>See</u> Def. Reply Br. at 3. Defendant had ample opportunity in its reply papers to respond to plaintiff's claims and yet chose not to do so. Moreover, defendant states that plaintiff submitted "an affidavit of its counsel ... attaching 80 pages of documents." <u>See</u> <u>id.</u> at 2. However, the documents plaintiff included

Cosentino personally guaranteed payment of debt identified in the promissory note dated March 30, 2000 to Family Restaurants of Broadway, Inc. In addition, plaintiff alleges and defendant does not deny that defendant personally guaranteed 50% of the principal and interest on the loans identified in the January 27, 2000 revolving credit note and January 27, 2000 amended promissory note to The Pier, Inc. f/k/a The Hop, Inc. Further, defendant personally issued partial payments on the underlying debts in Erie County, New York, including payments after he alleges he declared his domicile to be in Florida. Moreover, defendant was domiciled in New York when he agreed to guarantee the notes.[4] See Leblanc v. Kahn, 418 N.Y.S.2d 841, 842 (Sup.Ct. Westchester County 1979) ("Defendant cannot avail himself of the privilege of conducting activities within the forum state, obtain the benefits of its laws and then escape his liabilities therein by leaving the state") (citing Hanson v. Denckla, 357 U.S. 235 (1958). Accordingly, the Court has personal jurisdiction over defendant.

Moreover, New York's long-arm statute also permits personal jurisdiction over a non-domiciliary defendant who has "guaranteed the performance of an obligation in New York." See Acres Intern. Corp. v. Moore Bus. Forms, Inc., 1988 WL 129367 at *3 (W.D.N.Y.1988); Gaines

---

were referenced and relied by plaintiff in the Complaint. See Chambers v. Time Warner, Inc., 282 F.3d 147, 152-153 (2d Cir.2002) (Court may examine "any written instrument attached to [the complaint] or any statements or documents incorporated in it by reference" as well as any document on which the complaint relies heavily).

[4]While Cosentino states that he "has no present intention of returning to New York for the purpose of re-establishing permanent residency and domicile...," he does not deny that he continues to conduct business in New York. Plaintiff claims that Cosentino is the CEO and a principal stockholder of Krispy Kreme Donuts in Cheektowaga, New York.

Serv. Leasing Corp. v. Ashkenazy, 635 F.Supp. 805, 807
(E.D.N.Y.1986)(holding that a guarantee by a non-resident individual
guarantor of the performance of contracts to supply leased
automobiles constitutes a contract to provide services in New York
because, in the event of a default, payment would be made in New
York); Bowman Properties v Ohio Food Sys., Inc., 1989 WL 79061 at *2;
see also Fashion Tanning Co., Inc. v. Shutzer Indus., Inc., 108
A.D.2d 485, 489 (3d Dept. 1985) (Court sustained a finding of
jurisdiction over non-domiciliary defendant and was subject to
personal jurisdiction because the "[p]erformance of the guarantee
would have been in this State"). "If the performance contemplated by
and pursuant to the guarantee was to take place in New York, that is
enough to meet the requirements of both [CPLR] section 302(a)(1) and
due process." See Acres Intern. Corp., 1988 WL 129367 at *3; Lone
Star Indus., Inc. v. Chieftain Cement Corp., 795 F.Supp. 87, 89
(W.D.N.Y.1992).

    In this case, both guarantees provide that they are "performable
in the county in which the Lender's address for payment is located,
and Guarantor hereby waives the right to be sued elsewhere." See Beck
Aff., Ex. A (Sub-Ex. B & H). In addition, the address for payment
identified in each guarantee (i.e. place of performance) was James H.
Williams' address in Erie County, New York. See id. Mr. Williams has
been domiciled in and has been a citizen of New York during the
entire period of these debts. See Williams Aff., ¶2. The guarantees

and underlying promissory notes were assigned to plaintiff in March
2000, during which time defendant was issued notice of the assignment
and informed to make payment to plaintiff.[5] Accordingly, the place of
performance continued to be in Erie County, New York. In
acknowledgment of this, defendant personally issued partial payments
of the underlying debts to plaintiff. Indeed, the payments issued by
defendant, even after he allegedly declared to be a resident of
Florida, came from his personal New York bank account, which
identifies a Cheektowaga, New York account-holder address. See Beck
Aff., Ex. F. Further, plaintiff does not deny that Erie County was
the agreed place of performance on both guarantees at issue in this
action. Thus, I find that at this stage of the proceedings, plaintiff
has made a prima facie showing that this Court has personal
jurisdiction over defendant pursuant to CPLR § 302(a)(1).

### B.  Due Process

I further find that exercising jurisdiction complies with due
process requirements. Due Process requires that a defendant "have
enough minimum contacts with the forum state so that maintenance of
the suit does not offend 'traditional notions of fair play and
substantial justice.'" See PDK Labs, 103 F.3d at 1110 (quoting Int'l
Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)). Jurisdiction is
appropriate where defendant "has purposefully and sufficiently

---

[5]In fact, the notice address identified for defendant in both guarantees is 190 Deer Run, Williamsville, New
York. Defendant has never issued a notice changing his address despite his recent claim that he changed his
permanent residence to Florida in October 2006. Moreover, he continues to own the residence at 190 Deer Run,
Williamsville, New York.

availed himself of the privileges of conducting business in New York so as to reasonably expect to be subject to suit here." See id. at 1110-1111 (citation omitted). Here, plaintiff claims and defendant does not deny that the performance contemplated by and pursuant to the guarantee was to take place in Erie County, New York. Further, defendant was a resident of New York when he personally guaranteed payment of the debts identified in the promissory notes to Mr. Williams and plaintiff. Defendant also personally issued partial payments on the underlying debts in Erie County, New York, including payments after he allegedly declared his residence to be in Florida. I find that this purposeful activity put defendant on notice that he might be called into court in New York. Thus, defendant's motion to dismiss for lack of personal jurisdiction is denied.

## II.   **Transfer Venue**

Defendant alternatively moves to transfer this action to the Southern District of Florida pursuant to 28 U.S.C. §1391(a) and 28 U.S.C. §1404(a) in the interests of justice and the convenience of the parties and witnesses.[6] Plaintiff's initial choice of forum must be given substantial weight and should not be changed lightly. See Royal & Sunalliance v. British Airways, 167 F.Supp.2d 573, 576 (S.D.N.Y.2001) (citing In re Warrick, 70 F.3d 736, 741 (2d

---

§ 1391(a) has no application in the present case because plaintiff did not bring the action in this court but rather in state court, from which defendant removed it. See 28 U.S.C. §1391(a); Lynch v. Vanderhoef, 228 F.Supp.2d 644, 645 (D.Md.2002) ("The Supreme Court has explained that ... §1391(a) has no application to a removed action) (citing Polizzi v. Cowles Magazines, Inc., 345 U.S. 663 (1953)).

Cir.1995)); <u>Air-Flo M.G. Co. v. Louis Berkman Co.</u>, 933 F. Supp. 229 (W.D.N.Y. 1996). In fact, the moving party must "make a clear-cut showing that [transfer] is warranted." See <u>Lencco Racing Co., Inc. v. Artco, Inc.</u>, 953 F. Supp. 69, 71 (W.D.N.Y. 1997). A motion to transfer venue is within the sound discretion of the court. <u>See Nieves v. American Airlines</u>, 700 F. Supp. 769, 772 (S.D.N.Y. 1992). "[A] discretionary transfer under Section 1404(a) will not be granted absent a clear-cut and convincing showing that the balance of convenience weighs strongly in favor of the transferee court." <u>See Family Realty & Constr. Co. v. Mfr. and Traders Trust Co.</u>, 931 F.Supp. 141, 143 (N.D.N.Y.1996). Courts generally consider several factors to determine whether transfer is appropriate, including:

> (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the location of relevant documents and relative ease of access to sources of proof; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the forum's familiarity with the governing law; (7) the relative financial means of the parties; (8) the weight afforded plaintiff's choice of forum; and (9) trial efficiency and the interests of justice generally.

See <u>Anadigics, Inc. v. Raytheon Co.</u>, 903 F.Supp. 615, 617 (S.D.N.Y.1995); <u>Beatie and Osborn, LLP v. Patriot Scientific Corp.</u>, 431 F.Supp.2d 367, 395 (S.D.N.Y.2006) (citations omitted). "There is no rigid formula for balancing these factors and no single one of them is determinative." See <u>Citigroup Inc. v. City Holding Co.</u>, 97 F.Supp.2d 549, 561 (S.D.N.Y.2000). Since decisions to transfer lie

within the broad discretion of the district court, they are made on case-by-case basis. See In re Cuyahoga Equip. Corp., 980 F.2d 110, 117 (2d Cir.1992).

The burden rests on the moving party to make a "clear and convincing" showing that transfer under Section 1404(a) is proper. See Millenium L.P. v. Dakota Imaging, Inc., 2003 WL 22940488 at *6 (S.D.N.Y.2003) (citation omitted). The Court must defer to the plaintiff's choice of forum unless the balance of convenience and justice weighs heavily in favor of the defendant's proposed forum. See Citigroup, 97 F.Supp.2d at 561 (citations omitted). Defendant argues that this matter should be transferred to the Southern District of Florida because defendant claims, he is the sole material witness and he resides in Florida; both parties have access to sources of proof located in Florida; the Florida courts may employ compulsory process to compel the attendance of defendant as a witness. In addition, defendant claims that if the action is transferred to Florida, this will minimize the personal and financial burdens on him and this strongly outweighs any such burdens imposed upon plaintiff. Defendant also claims that he has been cautioned by his cardiologist to limit his travel. Further, defendant asserts that he has 19 entities that are subject to Chapter 11 bankruptcy proceedings in the United States Bankruptcy Court of the Southern District of Florida. See Def.'s Br. at 6.

Plaintiff initially argues that one significant factor for the

court to consider is the presence of the forum selection clause. See Beatie and Osborne, 431 F.Supp.2d at 397. A party must "demonstrate exceptional facts" to overcome a forum-selection clause and plaintiff claims defendant has failed to do so here. See id. The forum selection clause of both guarantees state that they are "performable in the county in which the Lender's address for payment is located, and *Guarantor hereby waives the right to be sued elsewhere*." See Beck Aff., Ex. A (emphasis added). Defendant has offered no exceptional facts showing that this forum selection clause should not be enforced. In addition, a plaintiff's choice of forum "is entitled to significant consideration and will not be disturbed unless other factors weigh strongly in favor of transfer." See Beatie and Osborne, 431 F.Supp.2d at 395.

Plaintiff further contends that: the actual place of performance or locus of operative facts is in Erie County, New York; both Mr. Williams and plaintiff are located in Erie County, New York, the documents and sources of proof evidencing that the underlying debts were not paid in full are in Erie County, New York and defendant still owns the 190 Deer Run, Williamsville, New York property identified in both guarantees. See Pls. Br. at 9. Moreover, plaintiff claims that documents demonstrate the defendant serves as CEO of the Krispy Kreme restaurant located in Erie County, New York and that the address of that facility is also the account-holder address on his personal bank account. See id. Plaintiff argues that while defendant

made a statement concerning his health, he did not offer any documentation from a licensed doctor indicating he is prohibited from traveling. <u>See id.</u> Moreover, plaintiff claims that defendant's argument that he is involved with 19 entities that are subject to Chapter 11 bankruptcy in the Southern District of Florida is inapplicable in this case since plaintiff's claims are against defendant personally and do not involve any of the 19 entities. <u>See id.</u> On the facts discussed above, I find that defendant has failed to make a "clear and convincing" showing that plaintiff's venue choice should be changed. Therefore, defendant's motion to transfer venue is denied.

<u>**CONCLUSION**</u>

For the reasons set forth above, defendant Cosentino's motion to dismiss for lack of jurisdiction or, in the alternative his request to transfer this action to the United States District Court for the Southern District of Florida is denied.

**ALL OF THE ABOVE IS SO ORDERED.**

s/Michael A. Telesca
MICHAEL A. TELESCA
United States District Judge

Dated:    Rochester, New York
          January 8, 2009